**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

FLETCHER PARTNERS, LLC,      :
      Plaintiff/Counter-Defendant,   :

                        :     Civil No. 2:20-cv-00775-JMG

                  v.       :

                        :

TRUIST BANK, *et al.*,       :
      Defendant/Counter-Plaintiff.   :

_____

**MEMORANDUM OPINION**

## I.     Introduction

Plaintiff, a limited liability corporation with one member, which is a partnership with three members known as Philly Managed Ventures, LLC ("PMV"), alleges one of the partnership's members, Joseph Scorese, fraudulently deposited proceeds of a real estate sale into a personal account at Truist Bank.  After reviewing Truist's Answer to the Complaint, Fletcher Partners, who originally filed claims solely against Truist, now moves to amend its Complaint to include claims against Scorese, which would dismantle diversity jurisdiction and require remand.  After reviewing the parties' briefs and holding oral argument on the matter, the Court grants Plaintiff's Motion to Amend the Complaint (ECF No. 22) and its Motion to Remand (ECF No. 23).

## II.     Plaintiff's Motion to Amend

Plaintiff moves for leave to file an amended complaint alleging claims against Joseph Scorese.  When justice so requires, courts should freely grant a party's motion to amend its pleadings. Fed. R. Civ. P. 15(a).  In deciding a motion to amend a complaint, courts consider "if a plaintiff's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the

opposing party," or if the amended complaint would be futile.  Cureton v. National Collegiate Athletic Ass'n, 252 F.3d 267, 273 (3d Cir. 2001).

Plaintiff moves to amend its Complaint in light of information newly gathered from Truist's Answer; specifically, details of Scorese opening a Fletcher Partners corporate account under an alleged corporate resolution signed by Scorese and a third party.  Pl.'s Br., 3-4, ECF No. 22.  At this juncture, before a R. 16 conference and the commencement of discovery, Plaintiff's motion is not unduly delayed and will not prejudice the Defendant, who has itself asserted third-party claims against Scorese.  See Third Party Compl., ECF No. 8.  Plaintiff's new claims hail from Truist's own pleadings, not from bad faith or a dilatory motive, and in the interest of allowing Plaintiff "an opportunity to test [its] claims on the merits," United States ex rel. Customs Fraud Investigations, LLC v. Victaulic Company, 839 F.3d 242 (3d Cir. 2016), the Court favors granting Plaintiff's motion so long as the amended complaint would not be futile.

Courts will not grant leave to amend a complaint if the amendment is futile.  Fed. R. Civ. P. 15(a).  An amendment is futile if it "will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss."  Jablonski v. Pan American World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988).  In a motion to dismiss, a defendant must prove the plaintiff failed to state a claim.  Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).  To plead a claim for relief, a complaint must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In deciding a motion to dismiss, the courts accept all factual allegations in the complaint as true and in a light most favorable to the plaintiff.  Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 559 (3d Cir. 2002).  Here, the Court will

decide whether Plaintiff's Amended Complaint could withstand a motion to dismiss, or if it is futile.

Truist asserts the Amended Complaint is futile because 1) Scorese had fiduciary authority to open the account at issue; 2) Fletcher is not authorized to bring this lawsuit; and 3) Fletcher does not know if it suffered damages.  Def.'s Br., 7-11.

Truist argues the Amended Complaint is futile because Scorese had fiduciary authority on Fletcher's behalf to open the account.  Def.'s Br., 9.  In the Amended Complaint, Fletcher alleges Truist did not exercise ordinary care in allowing Scorese, a former employee of the Truist branch at issue, to open an account on its behalf.  Pl.'s Br., Exh. A, Am. Compl. ¶¶ 30-32.  Specifically, Fletcher alleges Truist did not review the Operating Statements of Fletcher or PMV, and it allowed Scorese to establish fiduciary authority with an apparently forged corporate agreement that misidentified Fletcher's partners and falsely gave Scorese fiduciary authority to open the account. Id.  After accepting these factual allegations in the Amended Complaint as true, as required at this stage, we find Plaintiff alleges plausible claims against Truist and sufficiently alleges that Scorese did not have authority to open the account.[1]

Regarding the alleged lack of authority, Truist relies on Article 5 of PMV's Operating Agreement, which states two-thirds approval from PMV's three-person Management Committee is necessary to bring an action on PMV's behalf.  Def.'s Br., 8.  Truist argues only one member of PMV, Schroeder, brings this lawsuit without the requisite approval from another Management Committee member.  However, Fletcher attached an affidavit to its reply brief from the third

---

[1]     Furthermore, we find Scorese's actual authority to open the account on behalf of Fletcher to be a factual issue, as Plaintiff plausibly alleges he did not have authority to open the account on his own, an allegation buttressed by Catherine Sells's affidavit.  Pl.'s Reply Br., ECF No. 25, Exh. A.

member of the Management Committee, Catherine Sells, averring she authorized this lawsuit along with Schroeder, giving Fletcher the two-thirds approval necessary to bring this lawsuit. Pl.'s Reply Br., Exh. A. The Court therefore finds Fletcher had the requisite authorization from its Management Committee to bring this lawsuit.

Defendant also asserts the Court should enter judgment in its favor because there are no damages in this case. Def.'s Br., 13-14. From Plaintiff's Amended Complaint, the Court is satisfied with Fletcher's demonstration of damages in the form of misappropriated funds traced from the alleged conduct of Defendants Scorese and Truist. Pl.'s Br., Exh. A., Am. Compl. ¶¶ 19-28. These factual allegations support Plaintiff's claims stemming from Truist's alleged negligence and Scorese's alleged fraudulence, engendering plausible claims upon which relief can be granted and bolstering the amended complaint above the futility standard discussed earlier.

Considering the Fed. R. Civ. P. 15 standard for amending complaints, the parties' briefs, oral arguments, and Plaintiff's Amended Complaint, the Court grants Plaintiff leave to submit its Amended Complaint.[2]

### III.     Plaintiff's Motion to Remand

Accordingly, Plaintiff moves to remand the case to the Pennsylvania Court of Common Pleas of Philadelphia County. Remand is proper when a court lacks subject matter jurisdiction. Foster v. Chesapeake Ins. Co., Ltd., 933 F.2d 1207, 1215 (3d Cir. 1991); 28 USC §1447(c). To maintain diversity subject matter jurisdiction, no plaintiff can be a citizen of the same state as any defendant. Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010). A limited

---

[2]     On June 29, 2020, Defendant Scorese filed an opposition brief to Plaintiff's motion. See Scorese Br., ECF No. 26. Scorese's deadline to respond to Plaintiff's motion was June 18, 2020, and he did not move for leave to file an untimely response. While the Court was not obligated to consider Scorese's brief, the Court reviewed the brief and addresses its arguments in its decision.

liability company is a citizen of all the states of its members. <u>GBForefront, L.P. v. Forefront Management Group, LLC</u>, 888 F.3d 29, 34 (3d Cir. 2018). If a remanded case was already removed from state court, then it must be remanded to the state court from which it was removed. <u>Konold v. Superior Intern. Industries Inc.</u>, 911 F. Supp. 2d 303, 309 (W.D.Pa. 2012).

In its Amended Complaint, Fletcher Partners adds New Jersey citizen Joseph Scorese as a Defendant. <u>See</u> Pl.'s Br. Fletcher Partners has one member, PMV. Def.'s Br., 7. Joseph Scorese is a member of PMV, which makes Fletcher Partners, LLC a New Jersey citizen, dismantles complete diversity, and requires remand to the appropriate state court. On February 11, 2020, Truist removed this case from the Court of Common Pleas of Montgomery County. <u>See</u> Rmv. Not., ECF No. 1. Therefore, the Court remands this case for lack of subject matter jurisdiction to the Court of Common Pleas of Montgomery County, pursuant to 28 USC §1447(c).

**IV.    Conclusion**

For the foregoing reasons, the Court grants Plaintiff's motion for leave to file an amended complaint and remands the matter to the Court of Common Pleas of Montgomery County.

BY THE COURT:

*/s/ John M. Gallagher        09/09/2020*
JOHN M. GALLAGHER
United States District Court Judge